IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL APPLEWHITE, # R-01468, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BOBBY BLUM, ) <br> and WEXFORD HEALTH SOURCES, INC.,) <br> ) <br> Defendants. ) | Case No. 17-cv-1111-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants were deliberately indifferent to a serious medical condition. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

1

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that Plaintiff's claims survive threshold review under § 1915A.

## The Complaint

Plaintiff has suffered from testicular cysts since at least 2015. (Doc. 1, p. 5). The cysts are painful, and he had been prescribed some pain medication prior to the events giving rise to this action. On August 30, 2017, Blum (nurse practitioner) examined Plaintiff and confirmed that he had 2 cysts on each testicle. At that time, Plaintiff had not received pain medication for 2 months, and he asked Blum to renew the pain prescription. Blum refused to renew the medication, however, because Blum "knew" Plaintiff was "not in pain." *Id.*; (*See also* Doc. 1, pp. 10-12).

Also on August 30, 2017, Blum told Plaintiff that he would seek approval for Plaintiff to

have another ultrasound test for this problem. Plaintiff had previously undergone an ultrasound test related to the cysts on June 16, 2015. (Doc. 1, p. 5).

Blum made the referral for the ultrasound, to evaluate whether the cysts had grown and to try to find out why Plaintiff was in pain. However, on September 21, 2017, Wexford Health Sources, Inc. ("Wexford"), refused to approve the ultrasound test. (Doc. 1, p. 6). Plaintiff asserts that Wexford has implemented a practice/custom of cutting costs by "denying or suspending prescription medication, expensive procedures, specialized diagnostic testing, [and] specialist referrals," and that this cost-cutting practice caused Blum to provide inadequate care for Plaintiff. *Id.*

On October 5, 2017, Plaintiff was taken to the Health Care Unit because his pain was so bad he could barely walk. Blum saw Plaintiff and ordered a urine test for prostatitis. (Doc. 1, p. 6). Blum ordered 60 tablets of ibuprofen for Plaintiff to treat his pain, but Plaintiff did not receive the medication until the next day. Blum did not order any refills of the ibuprofen.

As relief, Plaintiff asks to be given "proper treatment for testicular pain," and seeks monetary damages. (Doc. 1, p. 8). Plaintiff did not file a motion for injunctive relief when he filed this action.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

**Count 1:** Eighth Amendment deliberate indifference claim against Blum, for refusing to renew Plaintiff's pain medication on August 30, 2017, and for delaying Plaintiff's pain medication on October 5, 2017;

**Count 2:** Eighth Amendment deliberate indifference claim against Wexford Health Sources, Inc., for refusing to provide an ultrasound test to evaluate and diagnose the cause of Plaintiff's testicular pain, due to Wexford's cost-cutting policy.

Both of the above counts shall proceed for further consideration in this action.

### Deliberate Indifference to Serious Medical Needs

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that significantly affects an individual's daily activities or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). However, the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Here, Plaintiff's complaint of severe pain associated with his testicular cysts satisfies the objective component of an Eighth Amendment claim. The remaining question is whether the Defendants acted or failed to act with deliberate indifference to a known risk of serious harm.

### Count 1 – Blum

The deliberate indifference claim against Blum focuses on his failure to treat Plaintiff's testicular pain. Plaintiff points out that another medical provider had approved pain medication for him before he saw Blum on August 30, 2017. Despite Plaintiff's complaint that he continued to have pain, Blum refused to renew the medication because he did not believe Plaintiff was truly in pain.

A disagreement between medical professionals regarding appropriate treatment for a prisoner will not support a claim for deliberate indifference. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (courts will not take sides in disagreements with medical personnel's judgments or techniques). However, a decision to withhold pain medication, which results in a prisoner continuing to suffer pain without relief, may amount to a constitutional violation. For this reason, the deliberate indifference claim against Blum for denying pain medication on August 30, 2017, may proceed for further review.

On October 5, 2017, Plaintiff states that Blum responded to his complaint of pain so severe that he was barely able to walk, by ordering ibuprofen. That appears to be a reasonable response to Plaintiff's need for relief. However, Blum did not give Plaintiff any medication at the time Plaintiff was experiencing this debilitating pain – Plaintiff continued to suffer until the following day when he received the ibuprofen supply. That delay may also support a deliberate indifference claim against Blum.

**Count 1**, for the incidents described above, shall proceed against Blum.

### Count 2 – Wexford Health Sources, Inc.

Defendant Wexford Health Sources, Inc., ("Wexford") is a corporation that employs Defendant Blum and provides medical care at the prison, but it cannot be held liable solely on that basis. A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action).

Here, Plaintiff has alleged that Blum was unable to provide the ultrasound test he recommended for Plaintiff, as a result of an official policy espoused by Wexford. On this basis, Plaintiff's claim against Wexford in **Count 2** shall proceed for further consideration.

### Pending Motions

Plaintiff's motion for recruitment of counsel (Doc. 4) shall be referred to the United States Magistrate Judge for further consideration.

The motion for service of process at government expense (Doc. 5) is **GRANTED**, although the motion is unnecessary. The Court orders service in any case where a Plaintiff has been granted leave to proceed *in forma pauperis*, on any Defendant who remains in the action following threshold review under § 1915A. 28 U.S.C. § 1915(d).

### Disposition

The Clerk of Court shall prepare for Defendants **BLUM** and **WEXFORD HEALTH SOURCES, INC.**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's

place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 4).

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk

of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 15, 2017**

<u>s/J. Phil Gilbert</u>
United States District Judge
