# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL APPLEWHITE, | |
| Plaintiff, | |
| v. | Case No. 3:17-cv-01111-JPG-SCW |
| BOBBY BLUM and WEXFORD HEALTH SOURCES INC., | |
| Defendants. | |

## MEMORANDUM AND ORDER

Magistrate Judge Stephen C. Williams has filed a Report and Recommendations ("Report") (ECF No. 36) on the defendants' motion for summary judgment for the plaintiff's failure to exhaust administrative his remedies (ECF No. 31). The Court may accept, reject, or modify—in whole or in part—the findings or recommendations of the magistrate judge in his Report. FED. R. CIV. P. 72(b)(3). The Court must review *de novo* the portions of the Report to which any party objects. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

In this case, plaintiff Samuel Applewhite alleges that the defendants violated his Eighth Amendment rights by failing to take certain measures regarding his testicular pain. The problem for Applewhite is that the Prison Litigation Reform Act requires inmates to exhaust all available administrative remedies at their prison before filing a lawsuit—but Applewhite did not do that here. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Instead, Applewhite filed an emergency grievance with his prison's chief administrative officer—and once that officer determined that

1

the issue did not constitute an emergency, Applewhite neither appealed that ruling to the Administrative Review Board nor re-filed it through the appropriate non-emergency channels.

As Magistrate Judge Williams correctly explains in his Report, that is a failure to exhaust administrative remedies: if "some remedy is available to the inmate through the administrative process," then the prisoner must utilize that process before filing his lawsuit. *Thornton v. Snyder*, 428 F.3d 690, 695 (7th Cir. 2005) (citing *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002)). And here, even though 20 ILL. ADMIN. CODE § 504.840(c) requires an inmate to re-file his grievance through the non-emergency channels once the appropriate officer determines that it is not an emergency, and even though 20 ILL. ADM. CODE § 504.850 requires prisoners to appeal decisions to the Administrative Review Board, Applewhite did neither—meaning that he quite straightforwardly failed to exhaust his available administrative remedies pursuant to *Thornton*.

Nevertheless, Applewhite has filed what the Court construes to be an objection to the Report, so the Court has conducted a *de novo* review of the issues therein. (ECF No. 37.) Applewhite cites to *Bentz v. Ghosh*, 718 Fed. Appx. 413 (7th Cir. 2017), a non-precedential opinion that says that if a prisoner files an emergency grievance, and then if the prison officer determines that the issue is actually not an emergency—like what happened here—then the prisoner has fully exhausted his administrative remedies. But as this Court thoroughly explained in *Smith v. Asselmeier*, 3:17-cv-01237-JPG-DGW, 2018 WL 3533346 (S.D. Ill. July 23, 2018), *Bentz* no longer applies in most situations. Unlike this case, *Bentz* deals with the pre-April 2017 version of 20 ILL. ADMIN. CODE § 504.840, which did not contain subsection (c)—the provision that now "makes available" and thus requires inmates to "resubmit the grievance as non-emergent, in accordance with the standard grievance process" once the appropriate official determines that the request should not constitute an emergency. *See Snyder*, 428 F.3d at 695.

2

And that makes perfect sense: if *Bentz* still controlled, then prisoners "could exhaust [their] administrative remedies by filing an emergency grievance instead of going through the standard protocols, [and] then the entire regulatory structure would collapse." *Smith*, 2018 WL 3533346, at *3. Magistrate Judge Williams thoroughly explained all of this in his Report, which more than withstands a *de novo* review.

## CONCLUSION

For the foregoing reasons, the Court:

- **ADOPTS** the Report in its entirety (ECF No. 36);

- **GRANTS** the defendants' motion for summary judgment (ECF No. 31);

- **DISMISSES** this case **WITHOUT PREJUDICE** for Applewhite's failure to exhaust his administrative remedies; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: NOVEMBER 28, 2018**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**